# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL KEITH JACKSON, ) | |
| #247070, ) | |
| ) | CIVIL ACTION NO. 0:06-1837-TLW-BD |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF SOUTH CAROLINA; ) | |
| and ANTHONY PADULA, ) | **REPORT AND RECOMMENDATION** |
| Warden of Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Tara Dawn Shurling, Esquire. The petition was filed on June 19, 2006.

The Respondents filed a return and motion for summary judgment on September 11, 2006. After receiving an extension of time, Petitioner filed a reply and memorandum of law in opposition to the motion for summary judgment on October 27, 2006. This matter is now before the Court for disposition.[1]

## **Procedural History**

Petitioner was indicted in June 1997 in Florence County for kidnapping, armed

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



robbery, conspiracy, and possession of a weapon during the commission of a violent crime. [Indictment No. 97-GS-21-745]. (R.pp. 491-493). Petitioner was represented by Chalmers C. Johnson, Esquire. After a trial by jury on January 26-30, 1998, Petitioner was found guilty of armed robbery, possession of a weapon during a violent crime, and conspiracy. The jury acquitted the Petitioner of the kidnapping charge. (R.pp. 1-387). At the return of the verdict, defense counsel requested that the jury be polled. During the polling, juror Leah Brayboy responded as follows:

| | |
|---|---|
| **Clerk:** | Leah Brayboy? |
| **Juror:** | [pause] |
| **Judge:** | The question is: Was that your verdict, and is that still your verdict? |
| **Juror:** | [pause] |
| **Judge:** | We need a yes or no, please, ma'am. |
| **Juror:** | [pause] Yes. I guess. I don't know. |

(R.p. 386).

The Clerk then finished calling the role.

Petitioner was sentenced by the trial judge to thirty (30) years for armed robbery, five (5) years, concurrent, for conspiracy, and five (5) years, consecutive, for possession of a weapon during the commission of a violent crime. (R.pp. 397-399).

Petitioner timely filed a direct appeal of his conviction. Petitioner was represented on appeal by Melody J. Brown, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed an Anders[2] brief raising the following issue:

---

[2] Anders v. California, 386 U.S. 738 (1967).

2



> Whether the trial judge erred in not directing a verdict on the charges when the identification testimony was only sufficient to allow the jury to speculate on appellant's guilt?

(R.p. 402).

The South Carolina Court of Appeals denied the appeal and affirmed Petitioner's convictions on April 26, 2000. See State v. Jackson, Memo.Op.No. 2000-UP-321 (S.C.Ct.App. filed April 26, 2006). (R.p. 412). The Remittitur was sent down on May 12, 2000.

Petitioner then filed a pro se application for post-conviction relief (APCR) on May 24, 2000 raising the following issue:

> Ineffective Assistance of Trial Counsel.

(R.p. 414).

Petitioner was appointed Kathy P. Elmore, Esquire, to represent him, and an evidentiary hearing was held on this matter on March 11, 2003. (R.pp. 423-481). On May 20, 2003, the PCR judge filed an order denying the petition in its entirety. (R.pp. 482-490).

Petitioner then filed an appeal from the denial of his APCR, raising the following issue:
> Whether defense counsel was ineffective in failing to request further polling of a juror who did not appear certain of her verdict?

See Petition, p. 2.

Petitioner was represented by Robert Pachak of the South Carolina Office of Appellate Defense. On September 24, 2004, the South Carolina Supreme Court entered an order granting the petition for certiorari and directing further briefing. However, after additional briefing by both parties, the South Carolina Supreme Court entered an Order on June 20, 2005, providing that the Petition for Writ of Certiorari be dismissed as improvidently granted. Samuel Keith Jackson v. State, Memo Op. No. 2005-MO-035 (S.C.S.Ct. June 20, 2005). The Remittitur was entered on July 7, 2005.

3



In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following claims:

> **Ground One**: The Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, was violated by the trial court's denial of the Petitioner's meritorious motion for a mistrial.
>
> **Ground Two:** The Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, was violated by the South Carolina Court of Appeals' decision to grant appellate counsel's motion to be relieved as counsel pursuant to Anders v. California, 386 U.S. 738 (1967) by finding that there were no meritorious issues to be addressed on direct appeal when the trial court denied trial counsel's meritorious motion for a mistrial based upon the results of the polling of the jury.
>
> **Ground Three**: The Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, was violated by the trial judge's decision to deny Petitioner's motion for directed verdicts on the charges.
>
> **Ground Four:** The Petitioner's right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, was violated when trial counsel failed to request that the presiding judge further question a juror who, when polled, was clearly unwilling to affirm her participation in the guilty verdicts.

See Petition, pp. 4-5.

## **Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas

4



Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that the trial court erred in failing to grant his request for a mistrial based upon the responses of Juror Brayboy when she was polled. Respondents contend that this issue is procedurally barred from consideration by this Court since it was not raised by the Petitioner in his direct appeal.

It is undisputed that this is not the issue presented by appellate counsel in the Anders brief, nor did Petitioner raise this issue in any *pro se* brief filed in support of his direct appeal. However, Petitioner argues that, since his appellate counsel filed an Anders brief, this claim is not procedurally barred. Pursuant to Anders, appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744. See also Johnson v. State, 364 S.E.2d 201 (S.C. 1988). Petitioner contends that a "complete examination" of the proceedings by the state Appeals Court would have included the trial court's denial of the motion for a mistrial.



Neither party cites to any controlling precedent in this circuit addressing whether an issue preserved at trial, but not raised in an Anders brief, is deemed to have been considered and dismissed on the merits by the state appellate court. However, other courts have held that an issue not presented in an Anders brief or in a *pro se* brief has not been reviewed on the merits. See Jorge v. United States, 818 F.Supp. 55, 57 (S.D.N.Y. 1993)["Having been thus placed in the possession of all of the facts relating to these claims, it is not sufficient for [Petitioner] to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an *Anders* brief because that counsel did nothing to prevent [Petitioner] from filing his *pro se* brief."]; Basnight v. Keane, No. 99-4826, 2000 WL 1100331, *4 (E.D.N.Y. Aug. 1, 2000); but cf Greene v. Bartlett, 213 Fed.Appx. 597, 599 n.2 (9th Cir. 2006)["Our holding here is limited to circumstance where, as here, the state court is not required to fully examine the record for error. . . . We do not reach the question whether federal claims are exhausted by appending prior pleadings to the appeal when the state court is required to engage in an independent review of the entire record, as when counsel seeks to withdraw and submits an *Anders* brief. (Citations omitted)"]. If the merits of this issue were not reached by the South Carolina Court of Appeals, the issue is procedurally barred from this Court's review. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The United States Supreme Court has held that the Anders review procedure is prophylactic, and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. Smith v. Robbins, 528 U.S. 259, 272-273 (2000). In State v. McKennedy, 559 S.E.2d 850 (S.C. 2002), the South Carolina Supreme Court held that claims presented in an Anders brief were presented on the merits for purposes of federal habeas review. McKennedy, 559 S.E.2d at 854-855. Cf Washington v. Rushton, No. 05-2394, 2006 WL 2050582 at * 2 (S.C. July 13, 2006).



However, McKennedy does not clearly state whether an issue otherwise preserved for review but *not presented* in either an Anders brief or in a pro se brief filed in response to the filing of an Anders brief is deemed to have been reviewed and therefore exhausted for purposes of federal habeas review. Therefore, since there appears to be no clear controlling precedent on this issue, out of an abundance of caution the undersigned will discuss Petitioner's claim on the merits.

The record reflects that the jury foreman indicated unanimity prior to the reading of the verdict. (R.p. 384). Then, during the polling of the jury, Juror Brayboy was asked if it was her verdict, and she responded, "[y]es. I guess. I don't know." (R.p. 386). Petitioner's counsel did not ask for any further questions to be posed to Brayboy, or that she be required to explain her answer further. However, after the jury had been dismissed, counsel moved for a mistrial based on Brayboy's response. The trial judge denied the motion, finding that "[h]er answer was an affirmative answer." (R.p. 387). Petitioner asserts in Ground One of his Petition that this ruling was error, and if it is not procedurally barred from consideration by this Court, as Petitioner argues, it follows that the South Carolina Court of Appeals affirmed this finding on the merits when it denied his direct appeal.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence]; Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

7



28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). Considered under this standard, Petitioner has failed to meet his burden of showing that the trial court erred in denying counsel's motion for a mistrial.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

The record reflects that defense counsel failed to ask that Brayboy be questioned further on her response, and all of the other jurors responded "yes" to affirm their verdict. (R.pp. 383-388).  While Brayboy's response certainly could have occasioned further questioning so that she could explain her answer, Petitioner's contention that Brayboy would have repudiated her verdict if she had been questioned further is pure speculation.  There is no evidence from Brayboy herself on this point, while the trial judge, who had an opportunity to hear her response and observe her demeanor, found that her response affirmed her verdict.  No further injury into her response was requested at the time, and it was only after the jury had been dismissed, and any questioning of the juror was therefore no longer possible, that counsel then moved for a mistrial of the entire case based on Brayboy's halting response.  The judge denied the motion, and, as previously noted, Petitioner has offered only his own, self-serving speculation that Brayboy's response was a repudiation of her vote to support reversal in this case. *Cf.* Jackson v. United States,  386 F.2d 641, 643 (D.C.Cir. 1967) [Deferring to court's own characterization of events where defense counsel did not immediately raise doubts about jurors' decision, when those doubts could have been cleared up and appropriate action taken before the jury was dismissed].

Petitioner has failed to rebut the presumption of correctness given the Court's finding



by clear and convincing evidence, and this claim should therefore be dismissed. Jackson, 386 F.2d at 643; Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 120 S.Ct. 1495 (2000); Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

## II.

In his second ground for relief, Petitioner contends that the South Carolina Court of Appeals denied his due process rights by finding that there were no meritorious issues to be addressed in his direct appeal. Petitioner concedes in his brief that his Ground Two is only presented as an alternative to Ground One, in the event the Court found that Petitioner's claim had not been considered by the state Court of Appeals.

Although the parties disagree as to whether the jury issue was considered by the Court of Appeals on Anders review, for purposes of this Report and Recommendation the undersigned has treated Petitioner's claim as having been considered by the appellate court under Anders and properly exhausted. Section I, supra. Since the undersigned has treated Petitioner's claim as having been considered by the Court of Appeals, and has determined that the state court's denial of this claim is not reversible error in federal habeas corpus, the issue presented by Petitioner in Ground Two of his Petition is therefore moot, and should be dismissed.

## III.

In ground three of his Petition, Petitioner contends that the trial judge erred by failing



to direct a verdict based upon insufficient identification testimony. (R.pp. 177-178). Specifically, Petitioner argues that the identification testimony of the victim was insufficient to establish his guilt beyond a reasonable doubt. This was the issue raised by Petitioner in his Anders brief, and it is therefore properly before this Court.

At trial, the victim testified that he stopped at a rest area and went inside to use the restroom. (R.pp. 71-72). While inside, two men came up behind him and told him to give them his money. (R.pp. 72-73). The victim testified that when he turned, "...both of them were right there. . . .", and he saw that one of the men had a gun. (R.p. 73). The men then grabbed the victim and pushed his face against the tile, and after searching his pockets, one of the men hit the victim in the head. (R.pp. 73-75). The victim testified that after the men questioned him about cash and his ATM PIN number, they were not satisfied with his answers and hit him several more times. (R.pp. 76-77). The men then pulled him from beside the urinal and pushed him into the bathroom stall, where they hit him again. (R.p. 77). The men then ordered the victim to take off his clothes. (R.p. 78). When the victim turned to the side, one of the men yelled at him, "[t]urn around" . . . "[y]ou know, do you want [sic] die?" (R.p. 79). The victim was asked if he got a good look at either of the two people involved, and he testified, "When I first turned...around...that's when I got a good look at the individual holding the gun," stating that he was three to four feet from the Petitioner and looked directly into his face. (R.pp. 80-81). The victim then identified the Petitioner as being his assailant. (R.p. 81).

Petitioner's claim that this identification testimony was insufficient to establish his guilt goes to the sufficiency of the evidence. Such a claim is cognizable on collateral review: however, a federal court's review of such claims is "sharply limited." Wilson v. Greene, 155 F.3d



396, 405 (4th Cir. 1998), cert. denied, 525 U.S. 1012 (1998)(quoting Wright v. West, 505 U.S. 277, 296 (1992)); see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir. 1994)["The standard is obviously rigorous."] "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (citing Wright, 505 U.S. at 292). A federal reviewing court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982); and when faced with all the evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the state's favor. Jackson v. Virginia, 443 U.S. 307, 326 (1979). Therefore, Petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Wilson, 155 F.3d at 406 (quoting Jackson, 443 U.S. at 324)); see also George v. Angelone, 100 F.3d 353, 357 (4th Cir. 1996); Bradley v. State, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005).

Here, the victim testified that he saw the Petitioner during the robbery, and he was able to positively identify Petitioner at trial. He had also previously picked Petitioner out of a photographic line-up. (R.pp. 82-83, 86-87). The undersigned can find no reversible error in the trial judge's refusal to grant a directed verdict on this claim based on this testimony and evidence. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct



unless rebutted by clear and convincing evidence]; Wilson, 155 F.3d at 406 ["[A] federal court reviewing the sufficiency of the evidence on collateral attack must consider the evidence in the light most favorable to the prosecution and must presume that the jury resolved any conflicts over the historical facts in the [state's] favor." ]. This allegation is without merit and should be dismissed.

**IV.**

In his Fourth Ground for relief, Petitioner argues that his counsel was ineffective for failing to take additional action after the jury was polled and one of the jurors wavered in her response. This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Jackson v. State of South Carolina, No. 00-CP-21-822. Specifically, the PCR judge made the following findings: 1) that trial counsel's testimony concerning his approach to the juror's hesitation during polling was credible; 2) that trial counsel made a motion for a mistrial immediately after jury polling and the trial court denied the motion; 3) that Petitioner offered no proof to show that a re-polling of the jury would have been a benefit; 4) that Petitioner failed to carry his burden; 5) that Petitioner did not present any evidence to show that a re-polling would have produced a different result; and 6) that Petitioner failed to carry his burden to show prejudice. (R.p. 488).

As discussed in Ground One, substantial deference is to be given to the state court's findings of fact. Evans, 220 F.3d at 311-312 ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied,

12



532 U.S. 925 (2001); Bell, 236 F.3d 149 (en banc); 28 U.S.C. § 2254(e)(1). See also Fisher, 215 F.3d at 446; Frye, 235 F.3d at 900. However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.  Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).

Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, supra;  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was



constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

After careful consideration of the facts and arguments presented, the undersigned concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. At the PCR hearing, Petitioner's trial counsel testified that when Juror Brayboy came out of the jury room that she was crying and obviously upset. (R.pp. 460-461). Trial counsel also testified that when the Court questioned this particular juror, there was a long pause where she could not speak because she was crying. (R.p. 461). When asked why he didn't ask the Court to make a further inquiry of the juror at that time, counsel testified that the trial judge "wasn't happy with some of the things -- some of my tactics. And, I think, I felt that he had given me a clear message to not interfere anymore. And I -- and really it was more out of respect for the Court anything. I just let him finish his polling before I made my final motion. I didn't think it was smart for [sic] him to interrupt him at that point he wasn't very happy." (R.p. 462). Rather, he waited until the polling was completed and then made a motion for a mistrial.

There is no basis in this record to overturn the findings of the State Court. Evans, 220



F.3d at 312. Based upon the record before the Court and trial court's denial of Petitioner' motion for a mistrial, Petitioner has not shown that the trial judge would have even re-polled the juror if counsel had made the request. Nor has Petitioner shown that re-polling the juror would have resulted in a different verdict. While it is certainly arguable that counsel should have asked that Brayboy be questioned further about her response in an effort to defeat the unanimity of the jury, counsel chose to instead wait and then move for a mistrial after the jury had been dismissed. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not ordinarily constitute ineffective assistance of counsel; Strickland, 466 U.S. at 689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.]; and the PCR court found that it was not deficient performance to not request that the jury be re-polled.

Further, even assuming arguendo that counsel's performance was deficient, Petitioner still cannot succeed on his claim because he has failed to show prejudice. The PCR court found that Petitioner had offered no evidence to show that a re-polling of the jury would have offered any benefit. The jury had already stated it was unanimous, and the fact that Brayboy was upset does not mean that she disagreed with the verdict. Although Petitioner speculates that the outcome *may* have been different if Brayboy was questioned further, Petitioner has produced no evidence to show that a reasonable probability exists that the outcome would have been different. Cf Green v. State of South Carolina, 569 S.E.2d 318,324 (S.C. 2002) [Speculation as to whether a juror wished to convict

15



not sufficient to warrant relief].  Petitioner's mere speculation is not sufficient to satisfy his burden. Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1989)[Speculation and conjecture does not satisfy the prejudice prong of Strickland]; Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Mazzell, 88 F.3d at 269 [In order to show prejudice a defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different].  Petitioner has also failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable application of established federal law or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra.  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

        The parties are referred to the Notice Page attached hereto.

                                                                                                                        Bristow Marchant
                                                                                                                United States Magistrate Judge

Columbia, South Carolina

July 24, 2007



17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

